NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISHKHANOHI ZOHRABIAN, AKA Eshkhanuhi Zohrabiam; ASATOOR MERZEKHENIAN, AKA Asatoor Mardirosian, | No. 16-73810 |
| Petitioners, | Agency Nos. A075-688-901 A075-688-902 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**
Pasadena, California

Before: BOGGS,*** BEA, and HURWITZ, Circuit Judges.

Petitioners Ishkhanohi Zohrabian, a.k.a. Eshkhanuhi Zohrabiam, and Asatoor

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Merzekhenian, a.k.a. Asatoor Mardirosian, allegedly a married couple and natives and citizens of Iran, arrived in the United States without inspection and in 2000 filed in California a joint application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that, as they were Armenian Christians, they feared persecution if returned to Iran. After being charged with removability as aliens present without admission or parole in violation of 8 U.S.C. § 1182(a)(6)(A)(i), Petitioners, who already admitted to the allegations in their Notices to Appear, filed in Colorado new applications for asylum, withholding of removal, and relief under CAT.

In the Colorado applications, Petitioners alleged different facts regarding their identities and past, such as different names, birth details, dates of entry, family status, details of their lives in Iran, and of alleged persecution. After an Immigration Judge ("IJ") found the applicants not credible, the Board of Immigration Appeals ("BIA") remanded their case back to California, where another IJ made an adverse credibility determination based on Petitioners' multiple filings and inconsistent testimonies, including their admission of filing counterfeit documents regarding their identities, births, and religious affiliations. The evidence filed by the government also contradicted some of Petitioners' allegations; for example, Petitioners were shown to have previously filed U.S. non-immigrant visa applications in Armenia. The IJ found that Petitioners had knowingly filed frivolous asylum applications and denied

16-73810

the applications for asylum, withholding of removal, and CAT protection.

Petitioners then appealed to the BIA the denial of withholding of removal and CAT protection, but not the finding of filing frivolous asylum applications. The BIA remanded the proceedings for further fact-finding. On remand, the IJ found that additional documentation provided by Petitioners carried little evidentiary value to show their purported ethnicity and religion, while a new birth certificate further contradicted the one already in the record. The IJ denied relief on October 1, 2015, finding that Petitioners neither established their identity as Armenian Christians nor that they would be more likely than not persecuted or tortured upon removal to Iran. After the BIA affirmed the decision of the Immigration Judge on November 3, 2016, Petitioners timely filed the present petition for review.

This court has jurisdiction under 8 U.S.C. § 1252 to review a timely appeal from a final order of removal. *Abdisalan v. Holder*, 774 F.3d 517, 523 (9th Cir. 2014) (en banc). Denials of withholding of removal and CAT relief are reviewed under the substantial evidence standard. *Reyes v. Lynch*, 842 F.3d 1125, 1137, 1140 (9th Cir. 2016). "[F]indings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).  In order to grant a petition for review, we "must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Garcia-Milian*

*v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.l (1992)).

Considering Petitioners' contradictory statements, supporting documentation, and multiple, inconsistent applications for asylum, substantial evidence supported the IJ's conclusion that Petitioners failed to establish they were Iranian Armenians of Christian faith and thus would not be subject to persecution upon removal to Iran. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("We . . . will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." (internal quotation marks omitted)). Petitioners did not provide identification documents. The alleged birth certificates of Petitioner Zohrabian contained contradictory information and unexplained inconsistencies, such as different dates of baptism and different names of the officiating reverend and of the godfather. A letter provided by a reverend in California was appropriately given little weight because it was only two sentences long and provided no information about the extent of Petitioners' involvement in the church. The declaration of an Iranian national in support of Petitioner Zohrabian's identity did not provide any information about her faith.

Substantial evidence also supports the IJ's determination that Petitioners are ineligible for CAT protection. The two reports submitted by Petitioners do not

establish that it is more likely than not they will be tortured if removed to Iran, and the evidence fails to compel a different result. *See* 8 C.F.R. § 1208.16(c)(2).

Thus, we DENY THE PETITION FOR REVIEW.